UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11800-RGS

HECTOR AVILA,
Petitioner

v.

HAROLD CLARKE,
Respondent

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

April 3, 2013

STEARNS, D.J.

To Magistrate Judge Dein's extremely thorough Report, there is little that I can add. Consequently, her Recommendation is <u>ADOPTED</u> and the petition is <u>DISMISSED.</u>[1] Of the eight issues pressed before the Magistrate Judge, the most emphasis is given to the failure of the trial court to give a so-called *Bowden* instruction. *See Commonwealth v. Bowden,* 379 Mass. 472 (1980). It has always been the rule under Massachusetts law (as the Supreme Judicial Court has observed time and again) that a trial judge has no obligation to give such an instruction. "[T]he

---

[1] I do not discount the Objections filed by petitioner Avila's counsel, although I note that they raise no issue that was not previously discussed in the pleadings below (other than, of course, Avila's disagreement with the Magistrate Judge's analysis).

obligation of the authorities to investigate a crime does not translate into a jury instruction that the authorities have a duty to gather exculpatory evidence." *Commonwealth v. Martinez*, 437 Mass. 84, 92 (2002). *See also Commonwealth v. Daye*, 411 Mass. 719, 741 (1992) ("We have never held, and decline to do so now, that a judge must give instructions on the claimed inadequacies of a police investigation."). Whether the Massachusetts rule should be different on this score is, as Magistrate Judge Dein points out, not an issue appropriate for habeas review. *See Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009). Putting aside the issue of whether Avila adequately preserved a Sixth Amendment objection to the allegedly missing instruction – Magistrate Judge Dein was satisfied that he had – I agree with her ultimate conclusion that Avila has failed to show that the State Court unreasonably applied Supreme Court precedent.[2]

Any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is <u>DENIED</u>, the court seeing no meritorious or substantial basis for an appeal. The Clerk is instructed to enter an order of dismissal an close the case.

---

[2] As for the remaining grounds of the petition, I agree that these are procedurally defaulted (as in the case of the omission of the word "unlawful" in the trial court's explanation of homicide, the trial court's failure to give a self-defense instruction, and the erroneous admission of aspects of the medical examiner's testimony), or do not give rise to the level of a constitutional violation (as in the case of the failure to give a provocation instruction, or the claims of ineffective assistance of counsel).

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE